**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE
RMAC TRUST, SERIES 2016-CTT,

                              Plaintiff,                                    **REPORT AND**
                                                                          **RECOMMENDATION**

          -against-                                                        **19-CV-1101 (RRM) (ST)**

JOSEPH P. TAPLER, JUDY A. TAPLER,
CLERK OF THE SUFFOLK COUNTY
TRAFFIC & PARKING VIOLATIONS AGENCY

                              Defendants.
----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       Plaintiff U.S. Bank National Association, not in its individual capacity but solely as

Trustee of RMAC Trust, Series 2016-CTT ("Plaintiff") commenced this action on February 25,

2019, against defendants Joseph P. Tapler ("Joseph Tapler") and Judy A. Tapler ("Judy Tapler")

(collectively "the Taplers"), and the Clerk of the Suffolk County Traffic and Parking Violations

Agency ("SCTPVA"), to foreclose on a mortgage encumbering a property located at 49 Circuit

Road, Bellport, New York 11713 in the County of Suffolk (the "Property") pursuant to New

York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq. See generally*

Complaint ("Compl."), ECF No. 1.  Plaintiff requested a certificate of default against all

Defendants on April 3, 2019 (ECF No. 11), and the Clerk of the Court entered defaults against

all Defendants on April 15, 2019. Clerk's Entry of Default, ECF No. 12.  On December 5, 2019,

Plaintiff filed a Motion for Default Judgment. Mot. for Default J., ECF No. 17.  The Honorable

Chief Judge Roslynn R. Mauskopf referred the motion to this Court for a Report and

Recommendation on April 9, 2020. No. 19-cv-1101 (E.D.N.Y. April 9, 2019). In light of the

1

Second Circuit's certification of questions to the New York Court of Appeals *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir.), *certified question accepted*, 34 N.Y.3d 1137, 1119 N.Y.S.3d 419, 42 N.E.3d 102 (2020), I respectfully recommend that the Court deny the Plaintiff's Motion for Default Judgment without prejudice, and the filing of any new dispositive motions with respect to the Defendants be stayed pending resolution of *Schiffman*.

## I.    BACKGROUND

Unless otherwise specified, the following background facts are based on the allegations in the Plaintiff's Complaint, Motion for Default Judgement, and accompanying exhibits. Plaintiff this action to foreclose on a mortgage encumbering the Property, located at 49 Circuit Road, Bellport, New York 11713 in the County of Suffolk ("Property").  On July 17, 2009, the Taplers executed and delivered a mortgage and note for $424,250.00 plus interest (the "First Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Franklin First Financial, Ltd. ("Franklin First"). *See* Compl. ¶ 11-12, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.  The First Mortgage was subsequently assigned to M&T Bank, and then assigned again to Mortgage Electronic Registration Systems, Inc. as the nominee for American Financial Resources, Inc. ("American Financial"). *See* Compl. ¶ 13-14, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.

On October 17, 2012, the Taplers executed and delivered a mortgage and note for $11,112.30 plus interest (the "Second Mortgage") and a Consolidation, Extension and Modification Agreement, consolidating the First Mortgage and the Second Mortgage to form a single lien in the amount of $415,778.00 to American Financial. (the "Consolidated Note"). *See* Compl. ¶ 16-17, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.  The Mortgage attached to the Consolidated Note (the "Consolidated Mortgage") was recorded with the Office of the Suffolk

County Clerk on January 16, 2013. *See* Compl. ¶ 18, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.  The Consolidated Mortgage was assigned to Lakeview Loan Servicing, LLC on February 11, 2016. *See* Compl. ¶ 18, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.  On December 8, 2016, the Consolidated Mortgage was assigned to the Secretary of Housing and Urban Development (H.U.D.). *See* Pl's Decl. in Supp., Ex. F (Aff. of Pl.) ¶ 4, ECF No. 18-6. Finally, on September 28, 2017, the Consolidated Mortgage was assigned to the Plaintiff, which was recorded on October 12, 2018 in the Office of the Suffolk County Clerk. *See* Compl. ¶ 18, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2, Ex. F (Aff. of Pl.) ¶ 4, ECF No. 18-6.

The Consolidated Note and Mortgage obligates the Taplers to pay a principal amount of $415,778.00 plus interest at a yearly rate of 3.875% by November 1, 2042. See Compl., Ex. 1, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2.  The Taplers were obligated to pay the principal and the interest by making monthly payments of $1,955.14 on the first day of the month beginning in December 2012. *Id.*  If the Taplers failed to make a payment within fifteen (15) days of the due date, a 4% late fee would be assessed, and if they failed to make a full monthly payment by the time the following month's payment was due they would be in default. *Id.*  If the Taplers defaulted, the Consolidated Note stated that its holder may exercise the right to force immediate payment of the full amount of the remaining principal, all accrued interest, and any attorneys' fees and costs incurred in enforcing the terms of the Consolidated Note. *Id.* Further, even if the holder does not immediately demand payment upon the Taplers' default, the Consolidated Note allows its holder to exercise that right to demand payment a later time. *Id.*

The Plaintiff alleges that the Taplers defaulted under the Consolidated Note and Mortgage by failing to make the required monthly payments beginning November 1, 2015. *See* Compl. ¶ 19, ECF No. 1; Pl's Decl. in Supp., Ex. B, ECF No. 18-2, Ex. F (Aff. of Pl.), ECF No.

3

18-6.  The Plaintiff states that they issued a 90-Day Notice in accordance with RPAPL § 1304 to

both Joseph Tapler and Judy Tapler via first class and certified mail on January 25, 2018, and,

"within three business of mailing said notice to *Defendant*" (emphasis added) the Plaintiff filed

notice with the New York State Superintendent of Financial Services in accordance with RPAPL

§ 1306 on January 29, 2018. *See* Compl. ¶ 22, ECF No. 1; Pl's Decl. in Supp., ¶ 4, Ex. F (Aff. of

Pl.) ¶ 6-7, ECF No. 18-6.  Plaintiff supplied copies of the 90-Day Notices required by RPAPL §

1304 sent to both Joseph Tapler and Judy Tapler, respectively. Pl's Decl. in Supp., Ex. F, ECF

No. 18-6.  Plaintiff also provided the Proof of Filing Statement required by RPAPL § 1306 that

bears the name of Joseph Tapler. *Id.*

## II.    LEGAL STANDARD

### A.    Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain

a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after a default

has been entered against the defendant, and the defendant fails to appear to move or set aside the

default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R.

Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all the well-

pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v.

E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  However, a court retains the discretion

to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10

F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3

(E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## III.  DISCUSSION

### A.  Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-cv-6306(ADS)(GRB), 2017 U.S. Dist. LEXIS 125266, at *13-14 (E.D.N.Y. Aug. 7, 2017) (internal citations and quotations omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its

face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff.).  Here, since the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action, standing is sufficiently established. *See* Compl. ¶ 18, ECF No. 1; Pl's. Certification of Merit, ECF No. 6; Pl's Decl. in Supp., Ex. B, ECF No. 18-2, Ex. F (Aff. of Pl.) ¶ 3, ECF No. 18-6;

    **B.**    **RPAPL § 1306**

    RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§1306 notice] . . . the information required by subdivision two of this section." N.Y. RPAPL §1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue. N.Y. RPAPL §1306(2).  Notably, any complaint in a foreclosure proceeding "shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commences, the plaintiff has complied with the provisions of [RPAPL § 1306]." N.Y. RPAPL §1306(1).

    On January 28, 2020, the Second Circuit certified, inter alia, the following question to the New York State Court of Appeals: "[w]here there are multiple borrowers on a single loan, does RPAPL 1306 require that a lender's filing include information about all borrowers, or does 1306 require only that a lender's filing include information about one borrower?" *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir.), *certified question accepted*, 34 N.Y.3d 1137, 1119 N.Y.S.3d 419, 42 N.E.3d 102 (2020).  The New York State Court of Appeals has yet to offer any guidance.

Here, Plaintiff states that, "within three business days of mailing [RPAPL 1304] notice to *Defendant*, [Plaintiff] electronically filed notice with the Superintendent of Financial Services … as required by RPAPL § 1306(2) and confirmation number NYS4523010 was issued" Pl's Decl. in Supp., Ex. F (Aff. of Pl.) ¶ 7 (emphasis added), ECF No. 18-6; *see also*, Compl. ¶ 22, ECF No. 1.  Further, the Plaintiff states that "[a] copy of the New York State Department of Financial Services 90-Day Pre-Foreclosure Filings website is attached." Pl's Decl. in Supp., Ex. F (Aff. of Pl.) ¶ 7, ECF No. 18-6.  It is unclear from the text of the Plaintiff's allegations, specifically with regard to the use of the singular "defendant," whether a filing was made for both Joseph Tapler and Judy Tapler.  Similarly, an examination of the proof of filing statements that the Plaintiff provides in support of this assertion do not shed any light on the issue.  Specifically, the two copies that the Plaintiff provides are duplicates of each other and bear only Joseph Tapler's name. Pl's Decl. in Supp., Ex. F (Proof of Filing Statement), ECF No. 18-6.

When faced with the same issue, the court in *Freedom Mort. Corp. v. Bullock*, 19-CV-664-NNG-SJB, 2020 U.S. Dist. LEXIS 138817, (E.D.N.Y. July 31, 2020), recommended that the default judgement motion in that case be denied without prejudice, and that the filing of any new dispositive motion against the two defendants in that case be stayed pending resolution of Schiffman.  The *Freedom* court stated that the plaintiff "will be saved if the Court refrains from deciding this case until this second certified question is also resolved." Id. at *8.  This Court agrees with that sentiment.  Thus, I respectfully recommend that the Plaintiff's Motion for Default Judgment be DENIED without prejudice and the filing of any new dispositive motions be stayed until the Court of Appeals answers the certified question and the Second Circuit issues any further opinion in *Schiffman*.

## IV.    CONCLUSION

For the reasons set forth above, I respectfully recommend that the Motion for Default Judgment filed by Plaintiff U.S. Bank National Association, not in its individual capacity but solely as a Trustee of RMAC Trust, Series 2016-CTT be DENIED without prejudice and that the filing of any new dispositive motions be stayed until the Court of Appeals answers the certified question and the Second Circuit issues any further opinion in *Schiffman*.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff U.S. Bank National Association is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                  /s/

                                         Steven L. Tiscione
                                         United States Magistrate Judge
                                         Eastern District of New York

Dated: Central Islip, New York
         September 23, 2020